**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4736**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JASMINE BARNES,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:21-cr-00193-FL-1)

———————

Submitted:  August 27, 2024                                 Decided:  September 6, 2024

———————

Before HARRIS, QUATTLEBAUM, and HEYTENS, Circuit Judges.

———————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————

**ON BRIEF:** Jorgelina E. Araneda, ARANEDA & STROUD LAW GROUP, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jasmine Barnes pled guilty, pursuant to a written plea agreement, to distribution of a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); distribution of a quantity of cocaine base (crack) and a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced him to a total term of 144 months' imprisonment. Barnes appealed, and we determined that Barnes had validly waived his right to appeal and affirmed his convictions. *United States v. Barnes*, No. 22-4626, 2023 WL 5524748, at *1-2 (4th Cir. Aug. 28, 2023). However, we vacated Barnes' sentence and remanded for resentencing pursuant to *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020), because the district court did not orally pronounce at the sentencing hearing all of the nonmandatory conditions of supervised release that were included in the written judgment. *Id.*

On remand, the district court conducted a full resentencing hearing and resentenced Barnes to a total term of 132 months' imprisonment. The court also orally pronounced or expressly incorporated all the nonmandatory conditions of supervised release to which Barnes would be subjected. Barnes now appeals from the amended criminal judgment entered on remand. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Barnes was properly classified as a career offender. Barnes has filed a pro se supplemental brief, reiterating *Anders* counsel's arguments regarding his career offender designation and raising a claim of ineffective assistance of counsel. The Government again

2

moves to dismiss Barnes' appeal pursuant to the appellate waiver in his plea agreement. We affirm in part and dismiss in part.

After a thorough review of the record in Barnes' first appeal, we determined that he had knowingly and voluntarily waived his right to appeal and thus concluded that his appeal waiver was valid and enforceable. This holding became "the law of the case" and "continue[s] to govern the same issue[]" here. *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (internal quotation marks omitted). Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope, including the sentencing issue raised by *Anders* counsel.

The waiver provision in the plea agreement does not preclude our review of Barnes' supplemental ineffective assistance claim. To demonstrate ineffective assistance of trial counsel, Barnes "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, [ineffective assistance] claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Instead, such claims should be raised, if at all, in a motion brought pursuant to 28 U.S.C. § 2255 in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). We conclude that ineffectiveness of counsel does not conclusively appear on the face of the record before us.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Barnes' valid appellate waiver. We therefore affirm the remainder of the district court's judgment.

This court requires that counsel inform Barnes, in writing, of the right to petition the Supreme Court of the United States for further review. If Barnes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Barnes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*